In the Matter of IRWIN ISAACS (Formerly Known as ISIDORE ISAACS), an Attorney, Respondent.

First Department, April 6, 1934.

*Einar Chrystie* [*Chase Mellon* with him on the brief], for the petitioner.

*John McKim Minton, Jr.,* for the respondent.

FINCH, P. J.   This is a motion to confirm the report of a referee on charges preferred against an attorney at law.

The respondent was admitted to practice as an attorney and counselor at law in the State of New York at the June, 1920, Term of the Appellate Division of the Supreme Court, First Department.

Professional misconduct was charged in two specifications: On the first specification, namely, that of participating in and bringing about the compounding of a felony, the referee found in favor of the respondent.   On the second specification, namely, that respondent appeared before a city magistrate and falsely represented to the court that no crime had in fact been committed, the referee found the charge proven.

On the first specification the referee has accorded the respondent the benefit of the doubt, slight though it is.   We confirm that finding.

In reference to the second specification, the evidence details how a bookkeeper stole some $3,000 from his employer and was duly arrested.   Thereafter the defendant and his relatives agreed in writing to reimburse the employer.   The respondent drew the agreement but pleaded ignorance that the dismissal of the criminal charge before the magistrate in any way entered into the agreement.   In obtaining the dismissal of the charge, the respondent stated to the magistrate, " I understand that the complaint was signed by an employee and not by the employer.   The employer, after she returned to the place of business, ascertained there was some mistake made and an arrest, and she regretted very much the arrest took place, and after an investigation of all the facts in the case, she is of the opinion that no crime was committed."   After respondent made this statement the magistrate repeated: " After this investigation she is of the opinion that no crime was committed?" and upon the respondent's affirmative reply and statement that there was no objection on the part of the People, the defendant was discharged.

The first part of the statement, " that the complaint was signed by an employee and not by the employer," coupled with what followed, seems deliberately designed to give the false impression that there had been a mistake made in an arrest because of the act of an employee.   However, taking the sentences by themselves, it might be possible to place a different construction upon them.

But, as is well said by the learned referee, " It is impossible to place an innocent construction upon what follows: The statement ' after an investigation of all the facts in the case, she is of the opinion that no crime was committed ' was false and the respondent had no reasonable ground for believing that it was true." The facts are more fully set forth in the record and in the opinion of the learned referee.

With due consideration of the fact that the only interest of the respondent in the matter was to carry out the wishes of his client that the action against the defendant be not prosecuted, nevertheless the palpably false representation of the respondent to the court cannot be overlooked.

Canon 22 of the Canons of Professional Ethics adopted both by the American Bar Association and the New York State Bar Association reads as follows: " The conduct of the lawyer before the Court and with other lawyers should be characterized by candor and fairness.

" It is not candid or fair for the lawyer knowingly to misquote the contents of a paper, the testimony of a witness, the language or the argument of opposing counsel, or the language of a decision or a textbook; or with knowledge of its invalidity, to cite as authority a decision that has been overruled, or a statute that has been repealed; or in argument to assert as a fact that which has not been proved, or in those jurisdictions where a side has the opening and closing arguments to mislead his opponent by concealing or withholding positions in his opening argument upon which hfs side then intends to rely.

" It is unprofessional and dishonorable to deal other than candidly with the facts in taking the statements of witnesses, in drawing affidavits and other documents, and in the presentation of causes.

" A lawyer should not offer evidence, which he knows the Court should reject, in order to get the same before the jury by argument for its admissibility, nor should he address to the Judge arguments upon any point not properly calling for determination by him. Neither should he introduce into an argument, addressed to the Court, remarks or statements intended to influence the jury or bystanders.

" These and all kindred practices are unprofessional and unworthy of an officer of the law charged, as is the lawyer, with the duty of aiding in the administration of justice."

The above canon was applied both by the Appellate Division and the Court of Appeals in *Matter of Heimsoth* (229 App. Div. 194; affd., 255 N. Y. 409.)

It is the judgment of this court that the respondent should be suspended for a period of one year, with leave to apply for reinstatement at the expiration of that time upon proof of compliance with the conditions to be incorporated in the order.

MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Respondent suspended for one year.